UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 1 of 24 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendant |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT'S MOTION TO DISMISS [19] AND MOTION TO STRIKE [20]**

**I.**
**PROCEDURAL BACKGROUND**

Plaintiffs Balubhai G. Patel ("B. Patel"), Viranbhai Patel ("V. Patel" and, together with B. Patel, the "Patel Plaintiffs"), and Plaintiff Tenants filed a First Amended Complaint ("FAC") against Defendant City of Los Angeles ("the City") alleging four causes of action. Plaintiffs assert claims against the City for (1) violation of 42 U.S.C. section 1983; (2) violation of 42 U.S.C. section 3604(b); and (3) a petition for writ of mandate. The Patel Plaintiffs also assert a claim against the City for inverse condemnation. [Doc. # 16.] The City moves to dismiss Plaintiffs' FAC in its entirety. [Doc. # 19.] Alternatively, the City moves to strike all references to the Plaintiff Tenants in the FAC. [Doc. # 20.]

For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** the City's motion to dismiss. In light of the Court's ruling on the motion to dismiss, the Court **DENIES** the motion to strike as moot.

**II.**
**FACTUAL BACKGROUND**

B. Patel owns the Adams Garden Inn (the "AGI"), a residential motel located at 4805 W. Adams Blvd. in Los Angeles, California. FAC ¶ 3. B. Patel leases the AGI to V. Patel, who operates the motel. *Id.* ¶ 4. B. Patel and V. Patel identify as Asian-Indian. *Id.* ¶ 5. Plaintiff Tenants are low-income long-term residents of the AGI who identify as racial and ethnic minorities. *Id.* ¶¶ 5, 28. The manager of the AGI, who resides on the property, also identifies as Asian-Indian. *Id.* ¶¶ 17, 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 2 of 24 |
|---|---|---|---|

The City deemed the AGI a public nuisance because of crime that was allegedly occurring on the property and in the area surrounding the property.  *Id.* ¶ 11–12.  Accordingly, on July 29, 2015, the Department of City Planning Office of Administrative Zoning (the "Zoning Administrator") imposed a conditional use permit (the "CUP") on the AGI.[1] [Doc. 23-1, Ex. A.] Plaintiffs appealed the Zoning Administrator's decision to the City Council on August 13, 2015. [Doc 23-1, Ex. B.]  On October 21, 2015, the City Council held a hearing on the matter.[2]  *Id.* ¶ 15.  Plaintiffs contend the evidence presented at the City Council proceeding was insufficient to justify the imposition of the CUP.  *Id.* ¶ 15.  Plaintiffs also assert they did not receive notice of the proceeding.  *Id.* ¶ 18.

Plaintiffs filed this lawsuit on December 1, 2016.  [Doc. 1.]  The City Zoning Administrator subsequently held an administrative hearing regarding B. Patel's compliance with the CUP.  *Id.* ¶ 25.  Plaintiffs appeared at the hearing and testified.  *Id.* ¶ 28.  On January 18, 2017, the Zoning Administrator issued a decision revoking the CUP for one year.  *Id.* ¶ 30.  B.

---

[1] The City requests that the Court take judicial notice of five documents:  (1) the CUP imposed on the AGI; (2) Plaintiffs' appeal of the imposition of the CUP; (3) the Planning and Land Use Management Committee's Report recommending denial of Plaintiffs' appeal; (4) the amending motion presented by Councilmember Herb Wesson; and (5) the City Council's decision adopting the Planning and Land Use Management Committee's Report and the amending motion, which show the effective date of the CUP is October 21, 2015, following Plaintiffs' appeal of the July 29, 2015 decision by the City's Department of Planning approving the CUP.  [Doc. 23-1.]  A court may take judicial notice of documents whose contents are central to claims raised in a complaint on a motion to dismiss, even where the documents are not physically attached to the complaint, without converting the motion to dismiss into a motion for summary judgment.  *E.g.*, *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).  Under Federal Rule of Evidence 201(b), however, courts may only take judicial notice of adjudicative facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Facts are indisputable and thus subject to judicial notice if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2).  Pursuant to Rule 201(b), a court may take judicial notice of some public records, including "the records and reports of administrative bodies."  *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).  Accordingly, the Court GRANTS the City's request that it take judicial notice of the facts that the Office of Zoning Administration imposed the CUP on the AGI on July 29, 2015 and that Plaintiffs filed an administrative appeal of the Zoning Administration's decision on August 13, 2015.  *See generally AIDS Healthcare Found., Inc. v. City & Cnty. of San Francisco*, 208 F. Supp. 3d 1095, 1098 (N.D. Cal. 2016) (taking judicial notice of the fact that a planning commission disapproved a conditional use authorization application).

[2] In Paragraph 15 of the FAC, Plaintiffs allege the City Council adopted the resolution on October 21, 2015.  In Paragraphs 18 and 19, however, Plaintiffs allege the City Council adopted the resolution on October 21, 2016.  Based on the information in the parties' papers and the general timeline of events, the Court assumes October 21, 2015 is the correct date.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 3 of 24 |
|---|---|---|---|

Patel timely appealed the Zoning Administrator's decision on January 27, 2017. *Id.* ¶ 32. The appeal is currently pending with City Council. *Id.* ¶ 32.

# III.
# LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014); *see also Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) ("Motions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . .'" (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Holmes*, 966 F. Supp. 2d at 930; *see also Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 4 of 24 |
|---|---|---|---|

**IV.**
**DISCUSSION**

The City moves to dismiss Plaintiffs' FAC for failure to state a claim. Alternatively, the City urges the Court to abstain from adjudicating Plaintiffs' request for a writ of mandate and stay this matter pending a state court's ruling on the writ.

**A.      42 U.S.C. Section 1983 Claims**

The City seeks to dismiss all of Plaintiffs' section 1983 claims on the ground that Plaintiffs have not successfully alleged violations of their constitutional rights. Mot. 1. To state a section 1983 claim, a plaintiff must allege both "(1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chucadoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)). An entity acts "under color of state law" if it "exercise[s] power possessed by virtue of state law and made possible only because [it] is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). There is no dispute the City was acting under color of state law at all times relevant to this action.

Plaintiffs allege multiple section 1983 claims based on violations of the First, Fourth, Fifth, and Fourteenth Amendments. The Court addresses each alleged violation below. *See Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 70 (1992) (explaining that where a plaintiff alleges multiple constitutional violations, a court must examine each one separately).

**1.   First Amendment**

Plaintiffs contend the City violated their First Amendment rights to association and to petition for grievances. FAC ¶ 39. Plaintiffs' claim is premised on their allegations that the CUP was issued and enforced in retaliation against B. Patel because he was "an outspoken critic of the City's treatment of himself and other Asian-Indian motel owners" and is a member of the group that sued the City in *City of Los Angeles, Calif.  v. Patel*, 135 S. Ct. 2443 (2015). FAC ¶ 24.

In the context of land use decisions made by municipalities, "[i]t is clear that [s]tate action designed to retaliate against and chill political expression strikes at the heart of the First Amendment." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). A plaintiff "alleging retaliation for the exercise of constitutionally protected rights

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | | Date | September 28, 2017 |
|---|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | | Page | 5 of 24 |
|---|---|---|---|---|

must initially show that the protected conduct was a substantial or motivating factor in the defendant's decision." *CarePartners, LLC v. Lashway*, 545 F.3d 867, 877 (9th Cir. 2008) (citations and quotation marks omitted). "If the plaintiff makes this initial showing, the burden shifts to the defendant to establish[,]" by a preponderance of the evidence, "that it would have reached the same decision even in the absence of the protected conduct." *Id.*

Plaintiffs bear the initial burden of demonstrating that B. Patel's critique of the City's treatment of himself and other Asian-Indian motel owners and his participation in Patel and other litigation was a "substantial and motivating factor" for the City's issuance and enforcement of the CUP. See id. Thus, to comport with the pleading requirements of *Twombly* and *Iqbal*, Plaintiffs must state sufficient facts in the FAC to permit the Court to infer the City is liable for these actions. Plaintiffs have not met this burden.

Plaintiffs assert that B. Patel was "an outspoken critic of the City's treatment of himself and other Asian-Indian motel owners," but they do not allege any additional facts beyond this bare assertion to support their contention. FAC ¶ 24. Plaintiffs fail to provide any details regarding B. Patel's critiques of the City, the number of times that he criticized the City, or the time-frame in which his critiques occurred. Furthermore, Plaintiffs have failed to provide any facts demonstrating that the City was aware of B. Patel's critiques, let alone that these critiques were a substantial and motivating factor in the City's decision to issue and enforce the CUP.

Plaintiffs also assert that the issuance and enforcement of the CUP was retaliation for B. Patel's participation in the *Patel* lawsuit. FAC ¶ 24. The City refutes this contention, however, by pointing to the district court record, which identifies Naranjibhai Patel and Ramilabel Patel—but not B. Patel—as plaintiffs in the case. Mot. 7. Additionally, Plaintiffs fail to state any facts explaining how B. Patel "is a member of the group" that sued the City in Patel despite not being listed as a party in the case. Plaintiffs also fail to address this point in their Opposition. Therefore, Plaintiffs' FAC fails to provide sufficient facts to plausibly demonstrate that B. Patel was a member of the group that sued the City in Patel and contains no facts to demonstrate that any alleged participation in that lawsuit was a substantial and motivating factor in the City's decision to issue and enforce the CUP.

Moreover, Plaintiffs' FAC lacks any facts regarding the City's violation of V. Patel's and the Plaintiff Tenant's First Amendment rights. Plaintiffs do not assert any facts to show that these parties were critical of the City or participated in any lawsuits against the City. Plaintiffs also fail to assert the City took any action against these parties in retaliation for their critiques.

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | ***Balubhai G. Patel, et al. v. City of Los Angeles*** | Page | 6 of 24 |
|---|---|---|---|

Therefore, the Court **GRANTS** the City's motion to dismiss Plaintiffs' section 1983 claim for violation of their First Amendment rights, with leave to amend.

## 2. Fourth Amendment

### a. Unreasonable Search

The Fourth Amendment limits the circumstances under which government agents can enter private property without a warrant.  This applies to administrative, as well as criminal searches.  *Marshall v. Barlow's, Inc.*, 436 U.S. 307 (1978); *Camara v. Mun. Court*, 387 U.S. 523, 528 (1967).  Subject to certain exceptions, "a search of private property without proper consent is 'unreasonable' unless it has been authorized by a valid search warrant."  *Camara*, 387 U.S. at 528–29.

Plaintiffs allege that officers from the City of Los Angeles Police Department ("LAPD") trespassed onto the AGI property and entered the AGI "without prior notice, consent, or a valid court order" on "multiple occasions."  FAC ¶ 20.  According to Plaintiffs, LAPD officers spoke to Plaintiff Tenants and informed them the City was going to close the AGI and told Plaintiff Tenants they should no longer pay rent.  FAC ¶ 20.  Plaintiffs further allege that LAPD officers entered the manager of the AGI's personal residence and searched the residence without consent or a court order.  FAC ¶ 21.  LAPD officers also allegedly searched the AGI's registration records without consent or a court order.  FAC ¶ 21.

The City's physical intrusion onto the AGI property and into areas which are open to the public is not a Fourth Amendment violation.  *See Patel v. City of Montclair*, 798 F.3d 895, 898 (9th Cir. 2015) (finding the areas of a motel which are open to the public are not within the enumerated items of the Fourth Amendment, thus, no search occurs when police officers enter those areas).  Nevertheless, Plaintiffs' allegation that LAPD officers searched the AGI's registration records, without consent or a court order, while on the property, is sufficient to plead a Fourth Amendment violation.  The Supreme Court has stated that officers cannot search a motel registry, even as part of an administrative search, where a motel owner objects to the search, unless the owner has been given an opportunity to have a "neutral decision-maker review [the officers'] demand to search the registry."  *Patel*, 135 S. Ct. at 2453.  Because the right to object is limited to the motel owner, the Court finds only the Patel Plaintiffs have sufficiently pled a Fourth Amendment violation related to the search of registration records.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 7 of 24 |
|---|---|---|---|

Therefore, with respect to the search of AGI registration records, the Court **DENIES** the City's motion to dismiss the Patel Plaintiffs' section 1983 claim for violation of their Fourth Amendment rights, but **GRANTS** it as to the Plaintiff Tenants, with prejudice.

Additionally, the Court notes that Plaintiffs have alleged LAPD officers searched the manager of the AGI's personal residence without consent or a court order.  The Court infers from Plaintiffs' allegations that the manager's personal residence is located in the AGI and that the manager is one of the Plaintiff Tenants.  Although these facts are likely sufficient for the AGI's manager to plead a Fourth Amendment claim, the Court finds they are not sufficient for the Plaintiff Tenants as a whole to plead a claim because the Court cannot discern the identities of the tenants or determine from the facts pled which of them, if any, had a reasonable expectation of privacy in the areas searched. *See Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring); *California v. Ciraolo*, 476 U.S. 207, 211 (1986) ("The touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy.") (quoting *Katz*, 389 U.S. at 360 (Harlan, J., concurring)).

Rule 10 of the Federal Rules of Civil Procedure requires that a complaint name all the parties to an action.  This rule reflects the "paramount importance of open courts" where the "default presumption is that plaintiffs will use their true names."  *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010).  Accordingly, as a general matter, "the identity of parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (citations and question marks omitted).  Although courts have recognized that a plaintiff may prefer to proceed anonymously where he or she is challenging governmental activity, the court must weigh the plaintiff's privacy interest against the presumption of openness in judicial proceedings and any prejudice to the defendant.  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–70 (9th Cir. 2000).

Here, Plaintiffs have not advanced any reasons that the Plaintiff Tenants should be permitted to proceed in this action anonymously.  Conversely, the City has presented several reasons why permitting the plaintiffs to proceed anonymously may prejudice them.  Accordingly, the Court finds it is inappropriate for the Plaintiff Tenants to proceed anonymously at this time.

Therefore, the Court **GRANTS** the City's motion to dismiss all of the Plaintiff Tenants' section 1983 claims for violation of their Fourth Amendment rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 8 of 24 |
|---|---|---|---|

### b. Facially Unconstitutional Municipal Code Section

Plaintiffs contend that "the resolution imposing the conditions of the CUP" is also "facially unconstitutional under the Fourth Amendment" and is "void for vagueness." FAC ¶ 41. Plaintiffs do not identify which "resolution" they refer to or provide any other facts in support of their contention that the resolution is vague. In their Opposition, Plaintiffs argue the City cannot force Plaintiffs to provide access to AGI's registration records without a warrant or consent in light of the Supreme Court's decision in *Patel*.

In *Patel*, the Court considered whether a ***specific*** provision of the Los Angeles Municipal Code ("LAMC") was facially unconstitutional. LAMC section 41.49 "requires hotel operators to record information about their guests, including: the guest's name and address; the number of people in each guest's party; the make, model, and license plate number of any guest's vehicle parked on the hotel property; the guest's date and time of arrival and scheduled departure date; the room number assigned to the guest; the rate charged and amount collected for the room and the method of payment." *Patel*, 135 S. Ct. at 2448; LAMC § 41.49(2). This code section also requires hotel operators to document identification information for short-term guests and, under some circumstances, maintain a guest's credit card information. LAMC § 41.49(2), (4). Hotel operators must maintain this information in either electronic or paper format and keep the information on the hotel premises in the guest reception or guest check-in area or an adjacent office for a period of 90 days. LAMC § 41.49(3)(a).

LAMC section 41.49(3)(a) states, in pertinent part, that hotel guest records "shall be made available to any officer of the [LAPD] for inspection, provided that whenever possible the inspection shall be conducted at a time and manner that minimizes any interference with the operation of the business. A hotel operator's failure to make his or her guest records available for police inspection is a misdemeanor punishable by up to six months in jail and a $1,000 fine." *Patel*, 135 S. Ct. at 2448. In 2015, the Supreme Court determined that section 41.49(3)(a) is facially unconstitutional because it fails to provide hotel operators with an opportunity for pre-compliance review. The Court noted that "hotel operators [are] free to consent to searches of their registries and [that] police can compel them to turn them over if [the police] have a proper administrative warrant—including one that was issued ex parte—or if some other exception to the warrant requirement applies, including exigent circumstances." *Id.* at 2454.

Accordingly, to the extent Plaintiffs' claim asks the Court to find LAMC section 41.49(3) is facially unconstitutional, the claim is moot, as the Supreme Court has already decided this issue, and the Court dismisses it on that basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 9 of 24 |
|---|---|---|---|

### 3. Fifth Amendment

The Fifth Amendment prohibits the government from taking private property for public use without just compensation. U.S. Const. amend. V. "Government regulation of private property may, in some instances be so onerous that its effect is tantamount to a direct appropriation or ouster;" thus, "these regulatory takings may be compensable under the Fifth Amendment." *Lingle v. Chevron U.S.A.*, 544 U.S. 528, 536 (2005). There are three basic categories of regulatory action that generally equate to a taking for Fifth Amendment purposes: (1) "where government requires an owner to suffer a permanent physical invasion of property;" (2) "where a regulation deprives an owner of all economically beneficial use of property;" and (3) "where the Penn Central factors are satisfied." *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 855 (9th Cir. 2007) (citations and quotation marks omitted). The first two "relatively narrow categories" of regulatory action are deemed per se takings for Fifth Amendment purposes. *Lingle*, 544 U.S. at 538. Courts use the Penn Central factors as "principal guidelines" to resolve regulatory takings claims that do not fit into the two per se categories. *Id.* at 539.

Where a "property owner's complaint falls within one of" the three well-delineated categories of regulatory action, it should be analyzed under the Fifth Amendment "whether or not it proves successful." *Crown Point*, 506 F.3d at 855–56. "To the extent the conduct cannot be a taking," the action may amount to a due process violation. *Id.*

Plaintiffs have not successfully alleged a takings claim under the Fifth Amendment. The FAC is devoid of any allegations that the City caused Plaintiffs to suffer a permanent physical invasion of property. They also do not allege the City's actions deprived them of all economically beneficial use of the property. Aside from a cursory allegation that the City's actions caused Plaintiffs "severe financial damage," there is only one other allegation in the FAC—"the zoning administrator issued a decision revoking the CUP for one year, in effect closing the motel"—that speaks to how the City's actions impacted Plaintiffs economically. FAC ¶¶ 30, 43. This is not sufficient to establish a takings claim because even if the allegation is true, closing the motel for one year would not deprive Plaintiffs of all economically beneficial uses of the property. By Plaintiffs' own admission, the motel could re-open in a year. Plaintiffs could also, for example, sell the property, lease the property or try to open another business on the property. Moreover, it is not clear from the allegation that the motel has actually closed.

Plaintiffs also have not set forth sufficient facts to establish a claim under *Penn Central*. The three primary factors that comprise the *Penn Central* analysis are: (1) the "economic impact" of the regulation on a plaintiff; (2) the extent to which the regulation interfered with

---

CV-90                                **CIVIL MINUTES—GENERAL**                        Initials of Deputy Clerk <u>KTI</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | | Date | September 28, 2017 |
|---|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | | Page | 10 of 24 |
|---|---|---|---|---|

"distinct investment-backed expectations[;]" and (3) the "character of the government action." *Lingle* at 538–39. The FAC does not contain any allegations that describe the economic impact of the City's decision on Plaintiffs other than the vague allegation that the decision to revoke the CUP will effectively close the motel for a year and has caused Plaintiffs "severe" financial damage. FAC ¶¶ 30, 43. For example, Plaintiffs do not allege any specific facts that show the AGI suffered a decline in occupancy after the City's CUP was imposed or revoked or that the City's actions caused Plaintiffs to incur significant costs to improve the AGI property. The FAC also does not contain any facts regarding the extent to which the City's actions interfered with Plaintiffs' expectations for the motel and the AGI property. Accordingly, Plaintiffs have not asserted a regulatory takings claim.

Plaintiffs acknowledge their claim falls outside the purview of a traditional regulatory takings claim. Opp'n 20. According to Plaintiffs, they have alleged a "private takings claim under the Fifth Amendment claiming that the City's stated goals are pre-textual." Opp'n 19. Indeed, Plaintiffs' contentions in the FAC cursorily allege the City engaged in a scheme to use its police power to abate a public nuisance as a pretext to drive the Patel Plaintiffs out of business so private developers could purchase the property. FAC ¶¶ 11–12, 14, 40; Opp'n 19. Even assuming Plaintiffs' allegations are true, the FAC fails to set forth sufficient facts to establish that the City's actions were calculated to transfer Plaintiffs' property to another private person. For example, Plaintiffs have not set forth any facts that establish a developer was interested in the property, that the City knew a developer would purchase the property, or that the City was in talks with any developers regarding the property.

Plaintiffs rely heavily on *Armendariz v. Penman*, 75 F.3d 1311, 1321 (9th Cir. 1996), to support their liability theory. There, a city summarily closed 95 buildings and low-income housing units in a high crime area over a six-month period, evicting all of the tenants and driving them to other parts of the city. *Id.* at 1313. After the city closed the properties, it provided owners with very vague reasons for the closures and cited minor, seemingly curable violations. *Id.* The owners had to obtain costly permits for repairs, at their own expense, to reopen the properties. *Id.* The city effectuated the sweeps under the guise of reducing urban blight, but the owners sued the city alleging it conducted the sweeps to enable a commercial developer to acquire property in the area at a cheaper rate to bulldoze the buildings and replace them with a planned shopping center. *Id.* The Ninth Circuit found the plaintiffs had asserted a viable takings claim based on the theory that the government conducted the sweeps and closed the properties for no legitimate government purpose, but rather, to permit a shopping center developer to acquire the properties. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 11 of 24 |
|---|---|---|---|

There, the Armendariz court stated that a "private takings" claim should be analyzed under the Fifth Amendment—not the substantive Due Process Clause of the Fourteenth Amendment—because it "provides an explicit textual source of constitutional protection against private takings." 75 F.3d at 1324. The Supreme Court implicitly overruled this bright line rule, however, in *Lingle*, when it stated:  The Takings Clause is not designed "to limit government interference with property rights per se, but rather to secure compensation in the event of otherwise proper interference. . . . Due process violations cannot be remedied under the [t]akings [c]lause, because if a government action is found to be permissible—for instance because it fails to meet the public use requirement or is so arbitrary as to violate due process—that is the end of the inquiry."  544 U.S. at 537 (internal quotation marks and citations omitted).  Accordingly, the Ninth Circuit has recognized that after the Supreme Court's ruling in Lingle, "it is no longer possible . . . to read *Armendariz* as imposing a blanket obstacle to all substantive due process challenges to land use regulation."  *Crown Point*, 506 F.3d 851, 856.

In light of the fact that Plaintiffs have not set forth any facts to support a regulatory takings claim and they specifically admit the sole theory of their takings claim is that the City's actions were arbitrary and constitute a "private taking," the Court finds Plaintiff has not asserted a cognizable claim under the Takings Clause of the Fifth Amendment.  Thus, the Court will analyze Plaintiffs' claim under the Fourteenth Amendment as well.  *See id.* at 855 (stating that the Fifth Amendment precludes a due process challenge "only if the alleged conduct is actually covered by the [t]akings [c]lause" and that an arbitrary action does not satisfy this criteria).

The Court **GRANTS** the City's motion to dismiss Plaintiffs' section 1983 claim for violation of their Fifth Amendment rights.

### 4.  Fourteenth Amendment

#### a.  Substantive Due Process

Plaintiffs assert a violation of their substantive due process rights based on the City's "private taking" of Plaintiffs' property.  Opp'n 13.[3]  To allege a violation of the Fourteenth

---

[3] Plaintiffs do not address in their Opposition whether they also contend the City's search and seizure of the AGI property violates their substantive due process rights.  To the extent they make that argument, the facts on which they would rely are identical to the facts they allege to support their Fourth Amendment claim—i.e., that City officials conducted a warrantless search of the AGI property. *See* FAC ¶¶ 20–21.  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Tarabochia v. Adkins*, 766 F.3d 1115, 1129 (9th Cir. 2014) (quotation marks omitted) (quoting *Albright*,

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-8888-DMG (SKx) | | Date | September 28, 2017 |
|---|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | | Page | 12 of 24 |
|---|---|---|---|---|

Amendment's substantive Due Process Clause, a plaintiff must establish that a state action has deprived him or her of a constitutionally protected interest in life, liberty, or property. *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). Substantive due process protection is generally reserved for the vindication of fundamental rights, such as those related to bodily integrity, family, procreation, and marriage. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994).

Here, Plaintiffs' substantive due process claim is not premised on an allegation that the City's actions impinged on their fundamental rights. Rather, Plaintiffs contend the City used its ability to impose a CUP on the AGI property to abate a public nuisance as a pretext to effectuate a private taking. As discussed above, the Ninth Circuit has noted that the Fifth Amendment does not automatically preempt a substantive due process claim that alleges a defendant's land use action lacked any substantial relation to public health, safety, or general welfare. *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 960 (9th Cir. 2011). Accordingly, to maintain a substantive due process claim for a private taking, a plaintiff must allege: (1) the government's action was "arbitrary, irrational, or lacking any reasonable justification in the service of a legitimate government interest"; and (2) the government's actions deprived them of a protected property interest. *Id.* at 962; *see also Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1262 (9th Cir. 1994). Plaintiffs have not successfully alleged these elements.

Plaintiffs contend the City imposed the CUP on the AGI because of alleged crime at and surrounding the property. FAC ¶ 11. Plaintiffs also allege that the City found the AGI was a public nuisance and stated it was imposing the CUP as a means to abate the nuisance. FAC ¶¶ 11, 14. Plaintiffs' allegations show the City imposed the CUP to advance a legitimate public purpose. "Only egregious official conduct can be said to be arbitrary in the constitutional sense." *Shanks*, 540 F.3d at 1088. Thus, the "irreducible minimum of a substantive due process claim challenging land use action is failure to advance any legitimate government purpose." Id. at 1087. The Court's task "is not to balance the public interest supporting the government action against the severity of the deprivation." *Id.* at 1088; *Halverson*, 42 F.3d at 1262. It is also not the Court's role to decide whether the land use action was "sound and actually advances" the government's stated purpose. *Colony Cove*, 640 F.3d at 961; *Halverson*, 42 F.3d at 1262. Rather, the Court merely looks to see if the "government could have" a legitimate reason for its decision. *Halverson*, 42 F.3d at 1262 (emphasis in original). If it is at least "fairly debatable" that the government's conduct "is rationally related to a legitimate government purpose," then there is "no violation of substantive due process." *Id.* (internal citations and quotation marks

---

510 U.S. at 273). Accordingly, Plaintiffs' allegations are best analyzed exclusively under the Fourth Amendment, not the Fourteenth Amendment's substantive Due Process Clause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 13 of 24 |
|---|---|---|---|

omitted).  It is well-established that a government's use of its police power to abate a public nuisance is a legitimate government purpose.

Moreover, although Plaintiffs rely heavily on the theory of liability advanced in *Armendariz*, they have not alleged sufficient facts to support their claim.  The FAC is completely devoid of any facts that suggest any private party was interested in or planned to purchase the AGI property.  The FAC also does not contain any factual allegations that the City had communicated with any private parties about the property or knew that any private parties were interested in the property.  Plaintiffs also do not assert that they have lost the property or been forced the sell the property as a result of the City's actions.  In short, Plaintiffs have not advanced a single fact to demonstrate they have been deprived of an ownership interest in the AGI property or that the City facilitated transferring the ownership interest to another private party.

The Court therefore **GRANTS** the City's motion to dismiss Plaintiffs' section 1983 claim for violation of substantive due process under the Fourteenth Amendment.

### b. Procedural Due Process

A procedural due process claim is based on "an expectation that the system is fair and has provided an adequate forum for the aggrieved to air his grievance." *Weinberg v. Whatcom County*, 241 F.3d 746, 752 (9th Cir. 2001).  A procedural due process claim contains two elements:  (1) deprivation of a constitutionally protected liberty or property interest; and (2) denial of adequate procedural protection. *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 970 (9th Cir. 2010) (citing *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)).

A "protected property interest is present where an individual has a reasonable expectation of entitlement deriving from existing rules or understandings that stem from an independent source such as state law." *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994) (citation and quotation marks omitted).  "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms."  *Id.* (internal citation and quotation marks omitted).  "Although procedural requirements ordinarily do not transform a unilateral expectation into a protected property interest, such an interest is created if the procedural due process requirements are intended to be a significant substantive restriction on decision-making." *Id.* (internal citation and quotation marks omitted).

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-8888-DMG (SKx) | | Date | September 28, 2017 |
|---|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | | Page | 14 of 24 |
|---|---|---|---|---|

Plaintiffs contend the imposition of the CUP violated their procedural due process rights because they did not have notice or an opportunity to be heard or an adequate opportunity to "litigate the imposition of the CUP." FAC ¶ 39; *see also* Opp'n 10. Plaintiffs argue they had a "state entitlement to notice of the City Council's decision on the CUP under the procedures set forth in California Code of Civil Procedure" section 1094.6 and that the City's failure to provide the requisite notice violated their procedural due process rights. Opp'n 9. Plaintiffs further assert that the Plaintiff Tenants were entitled to "constitutional notice" of the City Council's proceedings regarding the imposition of the CUP. Opp'n 9. Plaintiffs claim "procedural due process required an individualized hearing before making the CUP determination, certainly before the determination was to become final," and that "due process required that the tenants be given notice and an opportunity to be heard." Opp'n. 13.

California Code of Civil Procedure section 1094.6 sets forth the procedure for filing an administrative writ of mandate. Section 1094.6(b) provides that a party may file a writ petition:

> [No] later than the 90th day following the date on which the decision becomes final. If there is no provision for reconsideration of the decision, or for a written decision or written findings supporting the decision, in any applicable provision of any statute, charter, or rule, for the purposes of this section, the decision is final on the date it is announced. If the decision is not announced at the close of the hearing, the date, time, and place of the announcement of the decision shall be announced at the hearing. If there is a provision for reconsideration, the decision is final for purposes of this section upon the expiration of the period during which such reconsideration can be sought; provided, that if reconsideration is sought pursuant to any such provision the decision is final for the purposes of this section on the date that reconsideration is rejected. *If there is a provision for a written decision or written findings, the decision is final for purposes of this section upon the date it is mailed by first-class mail, postage prepaid, including a copy of the affidavit or certificate of mailing, to the party seeking the writ.* Subdivision (a) of Section 1013 does not apply to extend the time, following deposit in the mail of the decision or findings, within which a petition shall be filed.

(emphasis added).

The term "decision" as used in section 1094.6 means "a decision subject to review pursuant to [s]ection 1094.5 . . . revoking, denying an application for a permit, license, or other entitlement . . ." Cal. Civ. Proc. Code § 1094.6(e). "In making a final decision," "the local

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 15 of 24 |
|---|---|---|---|

agency shall provide notice to the party that the time within which judicial review must be sought is governed by this section." *Id.* at § 1094.6(f). The term "party" means "a person whose permit, license, or other entitlement has been revoked or suspended, or whose application for a permit, license, or other entitlement has been denied. . . ." *Id.*

Plaintiffs allege that, pursuant to section 1094.6, they are "statutorily entitled" to written notice from the City Council of the Council's decision to impose the CUP. FAC ¶ 18; *see also* Opp'n 9. By the plain language of the statute, even if written notice was required, only the Patel Plaintiffs would have received the notice, as they are the persons whose permit was affected. *See* Cal. Civ. Proc. Code § 1094.6(b). Thus, the Court finds that the Plaintiff Tenants were not entitled to any notice, let alone written notice, under the statute.

Moreover, as discussed at length below, Government Code section 65009(c)(1)(E)—not Civil Procedure section 1094.6—governs the statute of limitations for the imposition and revocation of a conditional use permit. *See Travis v. Cnty. of Santa Cruz*, 33 Cal. 4th 757, 766 (2005); *Honig v. S. F. Planning Dept.*, 127 Cal. App. 4th 520, 527 (2005); *see also Aids Healthcare Found., Inc. v. City & Cnty. of S. F.*, 208 F. Supp. 3d 1095, 1101–02 (N.D. Cal. 2016) (noting that section 65009 applies to both the issuance and denial of conditional use permits); *Guru Nanak Sikh Socy' v. Cnty. of Sutter*, 326 F. Supp. 3d 1128, 1138–39 (E.D. Cal. 2003) (finding a plaintiff's claim for judicial review under Code of Civil Procedure section 1094.5 was barred by the statute of limitations set forth in Government Code section 65009(c)). Section 65009(c)(1)(E) provides that the statute of limitations begins running from the date the legislative body renders a decision. Thus, the provisions Plaintiffs rely on from section 1094.6(b) and (f) are irrelevant because the function of the notice requirement is to commence the running of the statute of limitations for claims governed by section 1094.6. *See El Dorado Palm Springs, Ltd. v. Rent Review Com.*, 230 Cal. App. 3d 335, 344 (9th Cir. 1991) (noting the legislature intended the 90 day statute of limitations period in section 1094.6(b) to run from the date notice is given, as required under section 1094.6(f)). Accordingly, Plaintiffs do not have a protected interest to written notice of the City Council's decision under the procedures set forth in section 1094.6.[4]

Plaintiffs also claim "the Plaintiff Tenants were required to be given constitutional notice of [the] proceedings." Opp'n 10; FAC ¶ 16. Plaintiffs have not provided any support for this

---

[4] Indeed, courts have found that even where the statute of limitations in section 1094.6 applies and a government body fails to comply with the notice requirements in the statute, the statute of limitations is tolled. *El Dorado*, 230 Cal. App. 3d at 346. An aggrieved party does not have an "open-ended" period of time to seek "judicial review of the administrative decision," however, as "the doctrine of laches" still applies. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 16 of 24 |
|---|---|---|---|

assertion. None of the cases Plaintiffs cite stand for the proposition that a motel resident has a protectable property interest in receiving notice that conditions are being placed on the motel's permit. At best, the cases stand for the proposition that "greater procedural rights may attach where only a few persons are targeted or affected" and the government's action "exceptionally affects them on an individual basis." *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 969 (9th Cir. 2003). Plaintiffs have not set forth sufficient facts in the FAC, however, to show Plaintiff Tenants were exceptionally affected. Although the FAC is replete with references to Plaintiff Tenants, it does not contain any specific facts that show Plaintiff Tenants were adversely impacted by the imposition of the CUP.

Therefore, the Court **GRANTS** the City's motion to dismiss Plaintiffs' section 1983 claim for violation of the procedural Due Process Clause of the Fourteenth Amendment.

### c. Equal Protection

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). One way to establish a claim under the Equal Protection Clause involves showing that "defendants acted with an intent or purpose to discriminate against [a] plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (internal quotation marks and citation omitted). Alternatively, "[w]here . . . state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a 'class of one' equal protection claim by demonstrating that [he or she] 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*)), overruled on other grounds by *Lingle*, 544 U.S. at 528. Where "an equal protection claim is based on selective enforcement of valid laws, a plaintiff can show" a defendant's "rational basis for selectively enforcing the law is a pretext for an impermissible motive." *Id.*

Here, Plaintiffs allege the City targeted them by imposing and then subsequently revoking the CUP under the guise of abating a public nuisance because B. Patel was critical of the City's treatment of himself and other Asian-Indian motel owners and had initiated litigation against the City. FAC ¶¶ 11–14, 24, 30; Opp'n 18. Plaintiffs have not set forth any facts, however, to show they were subjected to disparate treatment. There are no factual allegations that suggest whether Plaintiffs were treated differently from other similarly situated motel owners, who are not Asian-Indian or who had not sued the City. To mount a successful equal protection claim, Plaintiffs must do more than "conflat[e] all persons not injured into a preferred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-8888-DMG (SKx) | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 17 of 24 |
|---|---|---|---|

class receiving better treatment than" them. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

Moreover, Plaintiffs have not set forth any allegations to demonstrate the City irrationally imposed the CUP on the AGI. "Selective enforcement of valid laws, without more, does not make" the government's action irrational. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1888 (1995). Although Plaintiffs allege the City selectively enforced the nuisance abatement ordinance, they have not set forth any facts showing that the City failed to take action against other motel owners in crime ridden neighborhoods or other businesses who were contributing to the crime problem in the neighborhood in which the AGI is located.

Therefore, the Court **GRANTS** the City's motion to dismiss Plaintiffs' section 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

**B.    Fair Housing Act**

Plaintiffs assert the City's actions violate section 3604(b) of the Federal Fair Housing Act (the "FHA").[5] The FHA prohibits discrimination against any person "in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race." 42 U.S.C. § 1203. A plaintiff may assert a claim under the FHA based on disparate treatment or disparate impact. *See Avenue 6E Invs., LLC v. City of Yuma, Ariz.*, 818 F. 3d 493, 503 (9th Cir. 2016). To assert a claim based on disparate impact, a plaintiff must show that an outwardly neutral policy or practice had a significantly adverse or disproportionate impact on a particular class of people. *See Pfaff v. U.S. Dept. of Hous. & Urban Dev.*, 88 F.3d 739, 745–46 (9th Cir. 1996). A defendant may rebut a plaintiff's proof of disparate impact by "supplying a legally sufficient, nondiscriminatory reason" for the impact. *The Comm. Concerning Comm. Improvement v. City of Modesto*, 583 F.3d 690, 711 (9th Cir. 2009).

---

[5] The FHA permits any "aggrieved person" to bring a housing discrimination lawsuit. 42 U.S.C. § 3613(a); *Bank of America v. City of Miami, Fla.*, 137 S. Ct. 1296, 1303 (2017). The statute defines an aggrieved person as "any person who" either "claims to have been injured by a discriminatory housing practice" or believes such an injury "is about to occur." 42 U.S.C. § 3602(i). The Supreme Court has repeatedly noted that the definition of an aggrieved person reflects Congress' intent to "confer standing broadly." *Bank of America*, 137 S. Ct. at 1303. Given the Supreme Court's directive to broadly construe this provision, the Court finds Plaintiffs have standing to assert the FHA claim. Although Plaintiffs' FAC is not a model of clarity, the Court infers that the Patel Plaintiffs allege they have suffered an economic injury due to the revocation of the CUP in the form of lost rents from the Plaintiff Tenants and that the Plaintiff Tenants contend they have suffered a loss of housing. All Plaintiffs assert the City's actions had a discriminatory effect on them in light of their protected ethnicity and minority status.

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 18 of 24 |
|---|---|---|---|

Courts must examine "with care whether a plaintiff has made out a prima facie case of disparate impact." *Texas Dept. of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project*, 135 S. Ct. 2507, 2523 (2015). At the pleading stage, a plaintiff must allege facts or produce statistical evidence demonstrating a causal connection between the neutral policy or practice and the disparity. *Id.* at 2519. This "robust causality" requirement is necessary to ensure that "racial imbalance . . . does not, without more, establish a prima facie case of disparate impact and thus protects defendants from being held liable for racial disparities they did not create." *Id.* at 2523.

The gravamen of Plaintiffs' claim is that the City's revocation of the CUP had a disparate impact on the Patel Plaintiffs and the Plaintiff Tenants, whose status is protected "based on their race and/or national origin." FAC ¶ 45. In support of their claim, Plaintiffs allege that B. Patel and V. Patel identify as Asian-Indian and that the Plaintiff Tenants are "of minority racial and ethnic status." FAC ¶¶ 4–5. Plaintiffs contend that the imposition of the CUP violated the Plaintiff Tenants' rights under the FHA because "any displacement of plaintiffs without making reasonable accommodations would have a disparate impact" on the tenants and Plaintiffs, including "their on-site manager who is also Asian-Indian." FAC ¶¶ 16–17. Plaintiffs further assert that the Plaintiff Tenants—some of whom are elderly and disabled—are "long time permanent residents at the motel[,]" who are indigent and are "unable to find alternative affordable housing[.]" FAC ¶ 28. According to Plaintiffs, the Plaintiff Tenants asked the City not to close AGI without providing them with reasonable accommodations because "closing the motel without relocation assistance would cause them to be homeless." FAC ¶ 29.

Here, Plaintiffs have failed to allege sufficient facts to show the Plaintiff Tenants' status is protected based on their race or national origin. Plaintiffs have not stated the identity of the Plaintiff Tenants or their specific races or ethnicities. Instead, Plaintiffs included a conclusory statement in the FAC that the Plaintiff Tenants are "of minority racial and ethnic status," but this allegation does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Additionally, Plaintiffs have failed to allege sufficient facts to show there was a disparate impact or that the City's actions caused the disparate impact. *See Budnick v. Town of Carefree*, 518 F.3d 1109, 1118–19 (9th Cir. 2008) (explaining that a plaintiff must set forth evidence of discriminatory impact and that an inference of discriminatory impact is not sufficient). Plaintiffs have not presented any support, statistical or otherwise, from which the Court can reasonably infer that Plaintiffs were worse off than other non-minorities owning and living in motels or that the City's imposition and revocation of the CUP caused Plaintiffs to be worse off. *See Gamble v. City of Escondido*, 104 F.3d 300, 306 (9th Cir. 1997) (finding a plaintiff failed to make out a prima facie claim for disparate impact under the FHA because he did not present any statistics or

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KTI |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 19 of 24 |
|---|---|---|---|

other proof demonstrating the City's permit practices had a significantly adverse or disproportionate impact on the physically disabled or elderly). The fact that Plaintiffs have alleged that the tenants would be unable to find alternative affordable housing once the CUP is revoked does not save Plaintiffs' claim, as the "the absence of a certain type of facility in a community is insufficient proof of disparate impact." *Budnick*, 518 F.3d at 1119 (citing *Gamble*, 104 F.3d at 306).

Therefore, the Court **GRANTS** the City's motion to dismiss Plaintiffs' FHA claim.

**C.     Writ of Mandate**

California Code of Civil Procedure section 1094.5 authorizes judicial review of final administrative decisions resulting from hearings that were required by law. *See Dhillon v. John Muir Health*, No. S224472, 2017 WL 2276525, at * 3 (Cal. May 25, 2017); Cal. Civ. Proc. Code § 1094.5 (b). The "proper method" for challenging the issuance of a conditional use permit is to seek a writ of administrative mandate. *See Ctr. for Biological Diversity, Inc. v. FPL Group, Inc.*, 166 Cal. App. 4th 1349, 1372 (2008). The City moves for dismissal of Plaintiffs' writ of mandate claim on the grounds the claim is barred by the relevant statute of limitations.

As noted above, Government Code section 65009(c)(1)(E) provides the statute of limitations that governs the issuance and revocation of conditional use permits. *See Travis v. Cnty. of Santa Cruz*, 33 Cal. 4th 757, 766 (2005); *Honig v. San Francisco Planning Dept.*, 127 Cal. App. 4th 520, 527 (2005); *see also Aids Healthcare Foundation, Inc. v. City & Cnty. of San Francisco*, 208 F. Supp. 3d 1095, 1101–02 (N.D. Cal. 2016) (noting that section 65009 applies to both the issuance and denial of conditional use permits); *Guru Nanak Sikh Society v. County of Sutter*, 326 F. Supp. 3d 1128, 1138–39 (E.D. Cal. 2003) (finding a plaintiff's claim for judicial review under section 1094.5 was barred by the statute of limitations set forth in Government Code section 65009(c)). Pursuant to the statute, a legal action "[t]o attack, review, set aside, void, or annul any decision on the matters listed in [s]ections 65901 and 65903, or to determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or any other permit" "shall be maintained" only if "the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision." Cal. Gov't Code § 65009(c)(1)(E). "The statute mandates strict compliance with the statute of limitations and service periods." *Wagner v. City of S. Pasadena*, 78 Cal. App. 4th 943, 950 (2000).

The Zoning Administrator imposed the CUP on July 29, 2015. [Doc. 23-1, Ex. A.] Plaintiffs filed an appeal of the Zoning Administrator's decision on August 13, 2015. [Doc. 23-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-8888-DMG (SKx) | | Date | September 28, 2017 |
|---|---|---|---|---|
| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | | Page | 20 of 24 |

1, Ex. B.]  The City Council approved the imposition of the CUP on October 21, 2015.  FAC ¶¶ 11, 15.  Thus, the deadline for Plaintiffs to commence suit and serve the appropriate legislative body was January 19, 2016.  *See* Gov't Code § 65009(c)(1)(E).  Plaintiffs filed their Complaint on December 1, 2016, which is 407 days after the permit was approved.  Thus, the Court finds Plaintiffs' writ claim, as it pertains to the issuance of the CUP, is time-barred.

Plaintiffs counter that their claim is timely because the statute of limitations was tolled since they did not receive notice of the City's final decision to impose the CUP, as required under section 1094.6(f).6  As explained above, the purpose of the notice requirements set forth in section 1094.6 is to commence the statute of limitations for claims subject to section 1094.6(b).  The issuance and revocation of conditional use permits are subject to the statute of limitations set forth in Government Code section 65009(c)(1)(E), not Code of Civil Procedure section 1094.6.  Thus, the notice requirements in section 1094.6(f) are irrelevant and do not toll the statute of limitations for claims subject to section 65009(c)(1)(E).  *Cf. Honig*, 127 Cal. App. 4th at 530–31 (noting that section 1094.6(g) "cautions" that the section "shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter, unless the conflicting provision is a state or federal law which provides a shorter statute of limitations, in which case the shorter statute of limitations shall apply) (emphasis added).  Moreover, because Plaintiffs filed an appeal on August 13, 2015 of the Zoning Administrator's decision to impose the CUP, the Court concludes that Plaintiffs had actual notice of the imposition of the CUP and general tolling principles do not apply.

Defendants contend that Plaintiffs' writ claim is limited to the imposition of the CUP because it "does not reference the new allegations in the FAC pertaining to the revocation of the CUP."  The Court notes, however, that Plaintiffs' writ claim incorporates allegations in Paragraphs 1–47 of the FAC and specifically states Plaintiffs' "equitable state remedy in seeking review of the City's decision in adopting the decision to revoke the CUP is to seek mandamus review . . . under California Code of Civil Procedure [s]ection 1094.5."  FAC ¶¶ 48–49.  Accordingly, the Court turns to whether the writ claim is ripe.

"The doctrine of exhaustion of administrative remedies is well settled: . . . if an administrative remedy is provided by statute or ordinance, a litigant must show that he invoked

---

⁶ Section 1094.6(f) states "in making a final decision" "revoking, denying an application for permit . . . imposing a civil or administrative penalty, fine, charge, or cost, or denying an application for any retirement benefit or allowance[,]" a "local agency shall provide notice to [a] party that the time within which judicial review must be sought is governed by this section."  *See also* Cal. Civ. Proc. Code § 1094.6(e).  A "party" is defined as . . . "a person whose permit, license, or other entitlement has been revoke or suspended, or whose application for a permit, license, or other entitlement has been denied."  *Id.* at § 1094.6(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 21 of 24 |
|---|---|---|---|

and exhausted the remedy before he may obtain judicial review of the administrative action taken." *Envtl. Law Fund, Inc. v. Town Corte Madera*, 49 Cal. App. 3d 105, 111; *accord Ralph's Chrysler-Plymouth v. New Car Dealers Policy & Appeals Bd.*, 8 Cal. 3d 792, 794 (1973); *Igna v. City of Baldwin Park*, 9 Cal. App. 3d 909, 914 (1970); *Dunham v. City of Westminster*, 202 Cal. App. 2d 245, 249 (1962). This doctrine applies to claims for judicial relief brought pursuant to Code of Civil Procedure section 1094.5. *Concerned Citizens of Palm Desert, Inc. Bd. of Supervisors*, 38 Cal. App. 3d 272, 280 (1974). The exhaustion of administrative remedies is typically treated as a "jurisdictional prerequisite, not as a matter of judicial discretion." *Envtl. Law Fund*, 49 Cal. App. 3d at 111.

LAMC section 12.27.1 governs administrative nuisance abatement proceedings. LAMC section 12.24.1(E) contemplates an appeal process for land use determinations made pursuant to section 12.27.1, with the City Council acting as the appellate body. Plaintiffs allege in the FAC that the Zoning Administrator issued a decision on January 18, 2017 to revoke the CUP for one year. FAC ¶ 30. Plaintiffs further allege that B. Patel filed a timely appeal of the administrator's decision to revoke the CUP on January 27, 2017 with the City Council and the decision is still pending. FAC ¶ 32.

The doctrine of exhaustion of administrative remedies "requires not merely the initiation of the prescribed procedures; it requires pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial intervention." *Ficus v. Dept. of Alcoholic Beverage Control*, 155 Cal. App. 2d 234, 236 (1957). This includes appeals. *See Lynn v. Duckel*, 46 Cal.2d 845, 849–50 (1956) (finding that a plaintiff who could have appealed a director's decision to deny a permit application to a city's board of permit appeals but instead initiated a lawsuit failed to exhaust his administrative remedies and was not entitled to judicial relief). Accordingly, the Court finds Plaintiffs' request for a writ as to the City's revocation of the CUP is not ripe for adjudication, as nothing in the record indicates that Plaintiffs have exhausted their administrative remedies.

Accordingly, the Court **GRANTS** the City's request to dismiss Plaintiffs' writ request as to the imposition of the CUP, with prejudice, because it is barred by the relevant statute of limitations. The Court also **GRANTS** the City's request to dismiss Plaintiffs' writ request as to the revocation of the CUP because the claim is not yet ripe for adjudication.

## D.    Inverse Condemnation

The Patel Plaintiffs allege the City's actions are unconstitutional because the imposition and revocation of the CUP constitute a taking without prior payment. Article 1, section 19 of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | | Date | September 28, 2017 |
|---|---|---|---|---|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | | Page | 22 of 24 |
|---|---|---|---|---|

California Constitution requires a governmental entity to provide compensation when taking private property for public use. Cal. Const. art 1 § 14. In an inverse condemnation action, a property owner must first establish a "public entity has, in fact, taken or damaged his or her property before he or she can reach the issue of just compensation." *Scott v. City of Del Mar*, 58 Cal. App. 4th 1296, 1301–02 (1997). Plaintiffs do not set forth sufficient facts to show there was a taking under the law of inverse condemnation.

A public entity "takes or damages private property when it causes physical damage to the property without physically invading it," when it "physically invades" the property "in any tangible manner," and when its conduct results in an "intangible intrusion" onto a plaintiff's property that "does not physically damage the property." Id. (internal citations and quotation marks omitted). Where, as here, a plaintiff claims an intangible intrusion amounts to a taking, a plaintiff must allege the intrusion has resulted in a burden on the property that is "direct, substantial and peculiar to the property itself." *San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal.4th 893, 940 (1996).

Here, Plaintiffs have not set forth sufficient facts to show the City's actions caused a diminution in their property value or some other compensable taking.[7] Although the FAC contains an allegation that "the [Z]oning [A]dministrator issued a decision revoking the CUP for one year, in effect closing the motel," it is not clear from the FAC whether the motel has actually closed. In light of the fact that Plaintiffs allege they have appealed the revocation of the CUP, when coupled with the fact that the City Council could still overturn the revocation of the CUP, the Court cannot infer economic harm occurred simply because the administrator decided to revoke the permit. Moreover, Plaintiffs do not allege that the Plaintiff Tenants have moved out, stopped paying rent, or presented any other facts—aside from a conclusory assertion that they have suffered financial losses—that suggest Plaintiffs have suffered an economic harm as a result of the administrator's decision to revoke the CUP.

Therefore, the Court **GRANTS** the City's motion to dismiss the Patel Plaintiffs' Inverse Condemnation claim.

---

[7] The City contends Plaintiffs' claim is untenable because a public entity may abate a nuisance without compensation. Mot. 21. The Court finds the City's argument unpersuasive, however, because Plaintiffs have included allegations that suggest the City improperly deemed the property a nuisance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | | Date | September 28, 2017 |
|---|---|---|---|---|

| Title | ***Balubhai G. Patel, et al. v. City of Los Angeles*** | | Page | 23 of 24 |
|---|---|---|---|---|

**E.      Leave to Amend**

Although Plaintiffs have not alleged sufficient facts to support many of their theories of liability, they have included enough information in the FAC and their Opposition to suggest they may be able to include enough additional facts to assert viable causes of action against the City. The Court therefore gives Plaintiffs leave to amend the FAC to include additional factual allegations to support the claims that have not been dismissed with prejudice.

**F.      Motion to Strike**

The Court has granted the City's request to dismiss all of the Plaintiff Tenants' claims against the City.  Accordingly, the City's request to strike all references to the Plaintiff Tenants in the FAC is **DENIED** as moot.

**V.**
**CONCLUSION**

In light of the foregoing, the Court **DENIES in part** and **GRANTS in part** the City's motion to dismiss as follows:

1.      The motion to dismiss Plaintiffs' First Amendment claim under 42 U.S.C. section 1983 is **GRANTED, with leave to amend**;

2.      The motion to dismiss Plaintiffs' Fourth Amendment claim, as to the unlawful search, under 42 U.S.C. section 1983 is **DENIED** as to the Patel Plaintiffs and **GRANTED, with leave to amend,** as to the Plaintiff Tenants, except for the Plaintiff Tenants' claim for unreasonable search of the AGI records.  The Plaintiff Tenants' claim for unreasonable search of the AGI records is **DISMISSED, with prejudice.**  Plaintiffs' Fourth Amendment claim as to the unconstitutionality of the LAMC provision is **DISMISSED as moot;**

3.      The motion to dismiss Plaintiffs' Fifth Amendment claim under 42 U.S.C. section 1983 is **GRANTED, with leave to amend**;

4.      The motion to dismiss Plaintiffs' Fourteenth Amendment claims under 42 U.S.C. section 1983 is **GRANTED, with leave to amend**;

5.      The motion to dismiss Plaintiffs' claim under 42 U.S.C. section 3604(b) is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-8888-DMG (SKx)** | Date | September 28, 2017 |
|----------|--------------------------|------|--------------------|

| Title | *Balubhai G. Patel, et al. v. City of Los Angeles* | Page | 24 of 24 |
|-------|-----------------------------------------------------|------|----------|

**GRANTED, with leave to amend**;

6. The motion to dismiss Plaintiffs' request for a writ of mandate is **GRANTED, with prejudice**, as to the imposition of the CUP, and **GRANTED, with leave to amend**, as to the revocation of the CUP; and

7. The motion to dismiss the Patel Plaintiffs' claim for inverse condemnation is **GRANTED, with leave to amend**.

The City's motion to strike is **DENIED** as moot.

Plaintiffs shall file any Second Amended Complaint consistent with this Order within 21 days from the date of this Order. The City shall file their response within 21 days after the filing and service of a Second Amended Complaint.

**IT IS SO ORDERED.**